

**U.S. Department of Justice**

*United States Attorney*
*District of Maryland*

| | |
|---|---|
| *Judson T. Mihok*<br>*Assistant United States Attorney*<br>*Judson.Mihok@usdoj.gov* | *Suite 400*<br>*36 S. Charles Street*<br>*Baltimore, MD 21201-3119*<br><br>June 19, 2014 |

DIRECT: 410-209-4805
MAIN: 410-209-4800
FAX: 410-962-0716

Ms. Premal Dharia
Office of the Federal Public Defender
For the District of Maryland
100 South Charles Street
Tower II, Suite 1100
Baltimore, MD 21201

Re:   <u>United States v. Jeffrey L. Shipley</u>, Crim. No. ELH 14-0261

Dear Ms. Dharia:

This letter, together with the Sealed Supplement, confirms the plea agreement which has been offered to the Defendant by the United States Attorney's Office for the District of Maryland ("this Office"). If the Defendant accepts this offer, please have him execute it in the spaces provided below. If this offer has not been accepted by **June 13, 2014**, it will be deemed withdrawn. The terms of the agreement are as follows:

<u>Offense of Conviction</u>

1.      The Defendant agrees to plead guilty to Counts One and Two of the Information currently pending against him, which charges him with Theft of Mail by a Postal Employee, in violation of Title 18 U.S.C. § 1709, and Delay or Destruction of Mail by a Postal Employee, in violation of Title 18 U.S.C. § 1703(a), and respectively. The Defendant admits that he is, in fact, guilty of these offenses and will so advise the Court.

<u>Elements of the Offense</u>

2.      The elements of the offenses to which the Defendant has agreed to plead guilty, and which the Government would prove if the case went to trial are as follows:

<u>Count One--Theft of Mail by a Postal Employee</u>

First, on the dates alleged in the Indictment in Maryland, the Defendant was an employee of the United States Postal Service;

1

Second, the letter(s) and package(s) was/were in the United States mail and intended to be conveyed by mail; and

Third, the Defendant took the mail matter, that is letters and packages, with the intent to convert it to his own use.

### Count Two-Delay or Destruction of Mail by a Postal Employee

First, on the dates alleged in the Indictment in Maryland, the Defendant was an employee of the United States Postal Service;

Second, the Defendant knowingly and unlawfully secreted, destroyed, detained, delayed, and opened any letter, postcard, package, bag, and mail, or mail that entrusted to him by or which had come into his possession, and which was intended to be conveyed by mail; and

Third, the Defendant acted knowingly and intended to delay and destroy said mail in an effort to prevent delivery.

### Penalties

3.     The maximum sentence provided by statute for the offenses to which the Defendant is pleading guilty are as follows: on Counts One and Two, a maximum sentence of up to five (5) years of incarceration, a $250,000 fine, and a period of supervised release of up to three (3) years.  In addition, the Defendant must pay $100.00 per count ($200 total) as a special assessment pursuant to 18 U.S.C. § 3013, which will be due and should be paid at or before the time of sentencing.  This Court may also order him to make restitution pursuant to 18 U.S.C. §§ 3663, 3663A, and 3664.[1]  If a fine or restitution is imposed, it shall be payable immediately, unless, pursuant to 18 U.S.C. § 3572(d), the Court orders otherwise.  The Defendant understands that if he serves a term of imprisonment, is released on supervised release, and then violates the conditions of his supervised release, his supervised release could be revoked - even on the last day of the term - and the Defendant could be returned to custody to serve another period of incarceration and a new term of supervised release.  The Defendant understands that the Bureau of Prisons has sole discretion in designating the institution at which the Defendant will serve any term of imprisonment imposed.

---

[1]     Pursuant to 18 U.S.C. § 3612, if the Court imposes a fine in excess of $2,500 that remains unpaid 15 days after it is imposed, the Defendant shall be charged interest on that fine, unless the Court modifies the interest payment in accordance with 18 U.S.C. § 3612(f)(3).

## Waiver of Rights

4.   The Defendant understands that by entering into this agreement, he surrenders certain rights as outlined below:

 a.    If the Defendant had persisted in his plea of not guilty, he would have had the right to a speedy jury trial with the close assistance of competent counsel. That trial could be conducted by a judge, without a jury, if the Defendant, this Office, and the Court all agreed.

b.    If the Defendant elected a jury trial, the jury would be composed of twelve individuals selected from the community. The Defendant and this Office would have the opportunity to strike prospective jurors who demonstrated bias or who were otherwise unqualified, and both sides would have the opportunity to strike a certain number of jurors peremptorily. All twelve jurors would have to agree unanimously before the Defendant could be found guilty of any count. The jury would be instructed that the Defendant was presumed to be innocent, and that presumption could be overcome only by proof beyond a reasonable doubt.

c.    If the Defendant went to trial, the Government would have the burden of proving the Defendant guilty beyond a reasonable doubt. The Defendant would have the right to confront and cross-examine the Government's witnesses. The Defendant would not have to present any defense witnesses or evidence whatsoever. If the Defendant wanted to call witnesses in his defense, however, he would have the subpoena power of the Court to compel the witnesses to attend.

d.    The Defendant would have the right to testify in his own defense if he so chose, and he would have the right to refuse to testify. If he chose not to testify, the Court could instruct the jury that they could not draw any adverse inference from his decision not to testify.

e.    If the Defendant was found guilty after a trial, he would have the right to appeal the verdict to see if any errors were committed which would require a new trial or dismissal of the charges against him.

f.    By pleading guilty, the Defendant will be giving up all of these rights, except the right, under the limited circumstances set forth in the "Waiver of Appeal" paragraph below, to appeal the sentence. By pleading guilty, the Defendant understands that he may have to answer the Court's questions both about the rights he is giving up and about the facts of his case. Any statements the Defendant makes during such a hearing would not be admissible against him during a trial except in a criminal proceeding for perjury or false statement.

g.    If the Court accepts the Defendant's plea of guilty, there will be no further trial or proceeding of any kind, and the Court will find him guilty.

3

h.     By pleading guilty, the Defendant will also be giving up certain valuable civil rights and may be subject to deportation or other loss of immigration status. The Defendant recognizes that if he is not a citizen of the United States, pleading guilty may have consequences with respect to his immigration status. Under federal law, conviction for a broad range of crimes can lead to adverse immigration consequences, including automatic removal from the United States. Removal and other immigration consequences are the subject of a separate proceeding, however, and the Defendant understands that no one, including his attorney or the Court, can predict with certainty the effect of a conviction on immigration status. Defendant nevertheless affirms that he wants to plead guilty regardless of any potential immigration consequences.

i.     The Defendant has the right to have his case presented to a Grand Jury, which would decide whether there is probable cause to return an indictment against him. By agreeing to proceed by way of Information, he is giving up that right, and understands that the charges will be filed by the United States Attorney without the Grand Jury.

## Advisory Sentencing Guidelines Apply

5.     The Defendant understands that the Court will determine a sentencing guidelines range for this case (henceforth the "advisory guidelines range") pursuant to the Sentencing Reform Act of 1984 at 18 U.S.C. §§ 3551-3742 (excepting 18 U.S.C. §§ 3553(b)(1) and 3742(e)) and 28 U.S.C. §§ 991 through 998. The Defendant further understands that the Court will impose a sentence pursuant to the Sentencing Reform Act, as excised, and must take into account the advisory guidelines range in establishing a reasonable sentence.

## Factual and Advisory Guidelines Stipulation

6.     This Office and the Defendant understand, agree and stipulate to the Statement of Facts set forth in Attachment A, which would be proved beyond a reasonable doubt, and to the following applicable sentencing guidelines factors:

## Guideline Stipulation

a.     The parties stipulate and agree that the base offense level for Counts One and Two is six (6).  U.S.S.G. §2B1.1(a)(2).

b.     Pursuant to U.S.S.G. §2B1.1(b)(1), the parties agree that the base offense level should be increased **at least** by four (4) levels because the loss exceeded $10,000. The Government reserves the right to argue that the base offense level should be increased by up to eight (8) levels because the loss exceeded $70,000, and the Defendant reserves the right to oppose any increase of more than four (4) levels based on loss.

c.     Pursuant to U.S.S.G. §2B1.1(b)(2)(C), the offense level is further increased by six (6) levels because the offense involved more than 250 victims.

4

d.     Pursuant to U.S.S.G. §3B1.3, the offense level is increased by two (2) levels because the offense involved abuse of a position of trust.

e.     The Defendant reserves the right to move for a departure pursuant to U.S.S.G. §5H1.3 based on what the Defendant claims is a mental/emotional condition. The Government reserves the right to object to a departure on this ground.

f.     This Office does not oppose a two-level reduction in the Defendant's adjusted offense level for Count One, based upon the Defendant's apparent prompt recognition and affirmative acceptance of personal responsibility for her criminal conduct. This Office agrees to make a motion pursuant to U.S.S.G. §3E1.1(b) for an additional one-level decrease in recognition of the Defendant's timely notification of his intention to plead guilty. This Office may oppose any adjustment for acceptance of responsibility if the Defendant (a) fails to admit each and every item in the factual stipulation; (b) denies involvement in the offense; (c) gives conflicting statements about her involvement in the offense; (d) is untruthful with the Court, this Office, or the United States Probation Office; (e) obstructs or attempts to obstruct justice prior to sentencing; (f) engages in any criminal conduct between the date of this agreement and the date of sentencing; or (g) attempts to withdraw his plea of guilty.

Therefore, the anticipated final adjusted offense level is at least **15** and potentially as high as **19**, but will ultimately will depend upon the Court's determination regarding the applicable loss level pursuant to U.S.S.G. §2B1.1(b)(1) and whether to apply a departure pursuant to U.S.S.G. §5H1.3.

7.     The Defendant understands that there is no agreement as to his criminal history or criminal history category, and that his criminal history could alter his offense level if he is a career offender or if the instant offense was a part of a pattern of criminal conduct from which he derived a substantial portion of his income.

8.     This Office and the Defendant agree that with respect to the calculation of the advisory guidelines range, no other offense characteristics, sentencing guidelines factors, potential departures or adjustments set forth in the United States Sentencing Guidelines will be raised or are in dispute except that this Office reserves the right to argue that an upward departure and variance is warranted because the offense level determined under U.S.S.G. §2B1.1 substantially understates the seriousness of the offense. See U.S.S.G. §2B1.1, Application Note 20.

## Obligations of the United States Attorney's Office

9.     At the time of sentencing, this Office will recommend a reasonable sentence which gives due consideration to the advisory U.S.S.G. range and the sentencing factors outlined at 18 U.S.C. § 3553(a).

10.     The parties reserve the right to bring to the Court's attention at the time of sentencing, and the Court will be entitled to consider, all relevant information concerning the Defendant's background, character and conduct.   Should the defendant choose to file a sentencing memorandum in this matter, the defendant agrees to file any such memorandum ten business days prior to the date of sentencing.

<u>18 U.S.C. § 3553(a)</u>

11.     This Office and the Defendant agree that both parties reserve the right to argue that this Court should sentence the Defendant to a variant sentence outside of the advisory guidelines range determined by the Court.  This Office and the Defendant stipulate and agree that if either party intends to argue, pursuant to 18 U.S.C. § 3553(a), that the sentence in this case should fall outside of the advisory guidelines range based on any factor or departure, that party will notify opposing counsel at least 14 days in advance of sentencing of the facts or issues the party intends to raise.  If the party seeking the non-guideline sentence fails to provide timely notice of the intent to argue for a sentence outside the advisory guidelines range, that party will withdraw the Section 3553(a) arguments or consent to a continuance of the sentencing date.

<u>Waiver of Appeal</u>

12.     In exchange for the concessions made by this Office and the Defendant in this plea agreement, this Office and the Defendant waive their rights to appeal as follows:

a.      The Defendant knowingly waives all right, pursuant to 28 U.S.C. §1291 or otherwise, to appeal the Defendant's conviction.

b.      The Defendant and this Office knowingly waive all right, pursuant to 18 U.S.C. § 3742 or otherwise, to appeal whatever sentence is imposed (including the right to appeal any issues that relate to the establishment of the advisory guidelines range, the determination of the defendant's criminal history, the weighing of the sentencing factors, and the decision whether to impose and the calculation of any term of imprisonment, fine, order of forfeiture, order of restitution, and term or condition of supervised release).

c.      Nothing in this agreement shall be construed to prevent the Defendant or this Office from invoking the provisions of Federal Rule of Criminal Procedure 35(a), or from appealing from any decision thereunder, should a sentence be imposed that resulted from arithmetical, technical, or other clear error.

d.      The Defendant waives any and all rights under the Freedom of Information Act relating to the investigation and prosecution of the above captioned matter and agrees not to file any request for documents from this Office or any investigating agency.

e.      The Defendant further waives any and all motions, defenses, probable cause determinations, objections which defendant could assert to the indictment or to

6

the Court's entry of judgment against the Defendant, and any imposition of sentence upon the Defendant consistent with this agreement. If Defendant files a notice of appeal, notwithstanding this agreement, Defendant agrees that this case shall be remanded to the district court to determine whether Defendant is in breach of this agreement and, if so, to permit the United States to withdraw from the plea agreement.

## Obstruction or Other Violations of Law

13.     The Defendant agrees that he will not commit any offense in violation of federal, state or local law between the date of this agreement and his sentencing in this case. In the event that the Defendant (i) engages in conduct after the date of this agreement which would justify a finding of obstruction of justice under U.S.S.G. §3C1.1, or (ii) fails to accept personal responsibility for his conduct by failing to acknowledge his guilt to the probation officer who prepares the Presentence Report, (iii) moves to withdraw his guilty plea or (iv) commits any offense in violation of federal, state or local law, then this Office will be relieved of its obligations to the Defendant as reflected in this agreement. Specifically, this Office will be free to argue sentencing guidelines factors other than those stipulated in this agreement, and it will also be free to make sentencing recommendations other than those set out in this agreement. As with any alleged breach of this agreement, this Office will bear the burden of convincing the Court of the Defendant's obstructive or unlawful behavior and/or failure to acknowledge personal responsibility by a preponderance of the evidence. The Defendant acknowledges that he may not withdraw his guilty plea because this Office is relieved of its obligations under the agreement pursuant to this paragraph.

## Court Not a Party

14.     The Defendant expressly understands that the Court is not a party to this agreement. In the federal system, the sentence to be imposed is within the sole discretion of the Court. In particular, the Defendant understands that neither the United States Probation Office nor the Court is bound by the stipulation set forth above, and that the Court will, with the aid of the Presentence Report, determine the facts relevant to sentencing. The Defendant understands that the Court cannot rely exclusively upon the stipulation in ascertaining the factors relevant to the determination of sentence. Rather, in determining the factual basis for the sentence, the Court will consider the stipulation, together with the results of the presentence investigation, and any other relevant information. The Defendant understands that the Court is under no obligation to accept this Office's recommendations, and the Court has the power to impose a sentence up to and including the statutory maximum stated above. The Defendant understands that if the Court ascertains factors different from those contained in the stipulation set forth above, or if the Court should impose any sentence up to the maximum established by statute, the Defendant cannot, for that reason alone, withdraw his guilty plea, and will remain bound to fulfill all of his obligations under this agreement. The Defendant understands that neither the prosecutor, his counsel, nor the Court can make a binding prediction, promise, or representation as to what guidelines range or sentence the Defendant will receive. The Defendant agrees that no one has made such a binding prediction or promise.

7

## Restitution

15.     The Defendant agrees to the entry of a Restitution Order for the full amount of the victims' losses, which the parties stipulate is at least $10,000.  The Defendant agrees that, pursuant to 18 U.S.C. §§ 3663 and 3663A and §§ 3563(b)(2) and 3583(d), the Court may order restitution of the full amount of the actual, total loss caused by the offense conduct set forth in the factual stipulation.  The Defendant further agrees that he will fully disclose to the probation officer and to the Court, subject to the penalty of perjury, all information, including but not limited to copies of all relevant bank and financial records, regarding the current location and prior disposition of all funds obtained as a result of the criminal conduct set forth in the factual stipulation.  The Defendant further agrees to take all reasonable steps to retrieve or repatriate any such funds and to make them available for restitution.  If the Defendant does not fulfill this provision, it will be considered a material breach of this plea agreement, and this Office may seek to be relieved of its obligations under this agreement.

## Collection of Financial Obligations

16.     The Defendant expressly authorizes the U.S. Attorney's Office to obtain a credit report in order to evaluate the Defendant's ability to satisfy any financial obligation imposed by the Court.  In order to facilitate the collection of financial obligations to be imposed in connection with this prosecution, the Defendant agrees to disclose fully all assets in which the Defendant has any interest or over which the Defendant exercises control, directly or indirectly, including those held by a spouse, nominee or other third party.  The Defendant will promptly submit a completed financial statement to the United States Attorney's Office, in a form this Office prescribes and as it directs.  The Defendant promises that the financial statement and disclosures will be complete, accurate and truthful, and understands that any willful falsehood on the financial statement will be a separate crime and may be punished under 18 U.S.C. § 1001 by an additional five years' incarceration and fine.

## Terminating Employment With the USPS

17.     As part of this plea agreement, the Defendant agrees that he shall voluntarily separate from the United States Postal Service effective immediately following the sentence being imposed in this case.

## Agreement Does Not Cover Aggravated Identity Theft or
## Charges Related to Mail and/or Wire Fraud

18.     The parties agree and understand that this plea agreement is being entered into prior to a full and complete investigation and input from the substantial number of victims involved with the case.  Should the ongoing investigation result in evidence that the Defendant, during and in relation to any felony violation enumerated in subsection 18 U.S.C. § 1028A (c), knowingly transferred, possessed, or used, without lawful authority, a means of identification of

another person, this Agreement would not prevent the United States in any way from prosecuting said offenses.

<u>Entire Agreement</u>

19. This letter supersedes any prior understandings, promises, or conditions between this Office and the Defendant and, together with the Sealed Addendum, constitutes the complete plea agreement in this case. The Defendant acknowledges that there are no other agreements, promises, undertakings or understandings between the Defendant and this Office other than those set forth in this letter and addendum and none will be entered into unless in writing and signed by all parties.

If the Defendant fully accepts each and every term and condition of this letter, please sign and have the Defendant sign the original and return it to me promptly.

Rod J. Rosenstein
United States Attorney

By: _____
Judson T. Mihok
Assistant United States Attorney

I have read this agreement and carefully reviewed every part of it with my attorney. I understand it, and I voluntarily agree to it. Specifically, I have reviewed the Factual and Advisory Guidelines Stipulation with my attorney, and I do not wish to change any part of it. I understand this plea agreement, and I voluntarily agree to it. I am completely satisfied with the representation of my attorney.

6 - 30 - 14
_____
Date

_____
Jeffrey L. Shipley

I am Mr. Shipley's attorney. I have carefully reviewed every part of this agreement with him. To my knowledge, his decision to enter into this agreement is an informed and voluntary one.

6-30-14
_____
Date

_____
Premal Dharia, AFPD

9

**EXHIBIT A**
**STIPULATED FACTS**

*The undersigned parties hereby stipulate and agree that if this case had proceeded to trial, the government would have proven the following facts beyond a reasonable doubt. The undersigned parties also stipulate and agree that the following facts do not encompass all of the evidence that would have been presented had this matter proceeded to trial.*

✓ The Defendant, Jeffrey L. Shipley, age 47, is a resident of Millersville, Maryland. At all times relevant, the Defendant worked as a Postal Service Carrier. The Defendant began with the United States Postal service on August 7, 1993 when he started as a temporary Postal Service employee at the Magothy Bridge Delivery Distribution Unit, 21 Magothy Bridge RD, Severna Park, MD 21146-1226. On October 15, 1994, the Defendant was assigned as a regular letter carrier at the Brooklyn Carrier Annex, 1500 Cherry Hill RD, Brooklyn, MD 21225. On January 6, 2007, the Defendant was reassigned to the Parkville Branch, 8201 Harford Road, Parkville, MD 21234. From August 4, 2007 to present, the Defendant was assigned to the Catonsville Carrier Annex, 700 Geipe RD, Catonsville, MD 21228, where he worked as a letter carrier from Tuesday through Saturday, 8:30 a.m. to 5:00 p.m., assigned to City Route 4 in Catonsville, MD.

✓ From in or about 2005 to March 10, 2014, the Defendant stole and embezzled United States mail.

✓ First, the Defendant embezzled United States mail that he was entrusted to deliver as a Postal Service Carrier on his assigned route. This stolen mail included, but is not limited to, an opened First Class letter containing a greeting card addressed to S.D., an opened First Class letter addressed to T.B. containing a Mother's day greeting card, an opened mail piece from A.P. containing a $300.00 check for a birthday, and an opened First Class letter addressed to O.W. contained two money orders for $500.00 and $75.00.

1

✓ Second, the Defendant also stole mail directly from the Catonsville Carrier Annex that was not part of his assigned route and for which his assigned duties did not include handling in any way. This stolen mail included, but is not limited to, two First Class priority mail envelopes addressed to K.R. and G.R. that contained two passports, one opened First Class parcel addressed to A.D. that contained prescription medication, one opened First Class letter addressed to K.M. which contained a greeting card with a $500.00 check, and one passport in the name of W.K.

✓ In addition, the Defendant took Postal Service property, including three stools, ten mail bags, two postal signs, and one LLV Mirror. The estimated value of the stolen Postal Service property is over $500.

✓ When agents executed a search warrant at the Defendant's residence on March 10, 2014, and a second search warrant at a storage facility in Glen Burnie rented by the Defendant on April 18, 2014, they recovered a total of 20,413 pieces of mail broken down as follows:

1. Non-Rifled/Un-Opened Mail

    A.    1st class mail- approximately 4,313 pieces
    B.    Standard Mail-approximately 9,251 pieces
    C.    Periodicals/Magazines-approximately 2,703 pieces
    D.    Non-Profit Mail-approximately 3,267 pieces
    E.    Parcels-27 pieces
    F.    Total for all non-riled/un-opened mail is approximately 19,561 mail pieces

2. Rifled/Opened Mail/Parcels

    A.    Letter mail-726 pieces
    B.    Parcels mail-126 pieces
    C.    Total of rifled/opened pieces is approximately 852 rifled mail pieces

✓ When the search warrant was executed, agents located the following items in the Defendant's wallet:

    1-Chick and Ruths Delly gift card

2

1-$50 Lowes Gift card
1-$5 Barnes & Noble gift card
1-Sears gift card
1- Master Card (Reward Card)

✓ In addition, the following items were found when the search warrants were executed which were in the mail at one time:

    A.    Gift Cards
          1-Visa Chase Bank Card
          1-Wells Fargo Visa Bank Card to Selamwi, Beyene, Kar Motors Inc
          1-Visa Debit Gift card
          1-My Sonic Card
          1-Claire's Gift Card
          1-Dunkin Donuts Gift Card
          1-Home Depot Gift Card
          1-Macy's Gift Card
          2-$25 iTunes Gift Cards
          2- Starbucks Gift Cards
          28-$10 California Tan Gift Cards

    B.    Credit Cards
          15-Exxon/Mobil Business Credit Cards, All in the name of (Marino Plumbing Heating)

✓ When the search warrants were executed, agents located fifty-five (55) gift cards and fifteen (15) credit cards which were located separated from the U.S. mail which the Defendant stole and embezzled.

✓ In addition the following miscellaneous items were located:

        4 Medication Prescription bottles not in Shipley's name
        2 Checks-Not in Shipley's name for $150 & $50
        1-Passport for "M.D.J." from the Republica de El Salvador
        1-US Citizenship & Immigration Card, Employment Authorization card (not in Shipley's name)
        1-Sealed bag that reads U.S. Kennedy Half Dollars, $100.00
        Several pieces of Jewelry that cannot be identified by mailer
        Several random items, such as a Nook, Clothes, books and crossword puzzles, and a container of Radians sunglasses and other items

The Defendant agrees that he converted these items to his own use, that the total loss is over $10,000, and that the total number of victims is over 250.  In stealing, embezzling, and destroying the mail, and impeding, obstructing and not delivering the mail in this way, the Defendant was not only derelict in his duties, but also abused a position of trust he held as an employee of the United States Postal Service.

I have read this statement of facts, and carefully reviewed it with my attorney.  I acknowledge that it is true and correct.

6 - 30 - 14
Date

Jeffrey L. Shipley

I am Mr. Shipley's attorney.  I have carefully reviewed every part of this Factual Stipulation with him.  He advises me that he understands and accepts its terms.  To my knowledge, his decision to enter into this agreement is an informed and voluntary one.

6-36-14
Date

Premal Dharia, AFPD

4